IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Steven Lee Hooper, #18139-030, | ) | Case No. 2:25-cv-03383-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Steven Lee Hooper ("Petitioner"), a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the undersigned recommends that the action be transferred to the United States District Court for the District of Colorado.

It is well-settled that the proper respondent to a § 2241 habeas petition is the person who has custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). The custodian is typically "the person with the ability to produce the prisoner's body before the habeas court." *See McLean v. Vereen*, No. 2:18-cv-3600-RMG, 2019 WL 2514728, at *1 (D.S.C. June 18, 2019) (citing *Rumsfeld*, 542 U.S. at 434–35). Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *See Rodriguez v. Joyner*, No. 5:18-cv-2294-MGL-KDW, 2020 WL 6785645, at *1 (D.S.C. Nov. 18, 2020) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973)). And because the court issuing the writ must have jurisdiction over the custodian, "[his or her] absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Rumsfeld*, 542 U.S. at 445; *see also Braden*, 410 U.S.

at 495 (stating that district courts are limited to granting habeas relief "within their respective jurisdictions").

On August 8, 2025, the Court received a Notice of Change of Address from Petitioner indicating that he was moved to Federal Transfer Center operated by the United States Bureau of Prisons ("BOP") in Oklahoma City, Oklahoma. Subsequent review of the BOP's inmate locator service indicates that Petitioner is now confined at the Federal Correctional Institution in Florence, Colorado ("FCI Florence"), which falls within the territory of the District of Colorado.[1] Therefore, the proper respondent to this action is the warden at FCI Florence, Petitioner's current institution. Because the District of South Carolina has no personal jurisdiction over the warden at FCI Florence, the undersigned finds that the Court lacks jurisdiction over Petitioner's habeas claims here.

The court may, "in the interest of justice," transfer a case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981) (noting that the decision of whether to transfer or dismiss a case is committed to the sound discretion of the district court). Thus, in order to preserve any issues that may arise regarding statutes of limitation, and out of an abundance of caution for the *pro se* petitioner here, the undersigned finds it in the interest of justice to transfer—rather than dismiss— the instant case to the proper district court. *See, e.g. McLean,* 2019 WL 2514728, at *1 (transferring § 2241 habeas action to the district with jurisdiction over petitioner's present custodian); *Rodriguez*, 2020 WL 6785645, at *1 (same).

The Court therefore **RECOMMENDS** that the Clerk of Court substitute "Warden, FCI Florence" as the respondent to this case and transfer this petition to the United States District Court

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited August 13, 2025).

2

for the District of Colorado so that the proper court may resolve Petitioner's claims under 28 U.S.C. § 2241.[2]

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 13, 2025
Charleston, South Carolina

---

[2] The undersigned notes that Petitioner's Motion for Temporary Restraining Order (Dkt. No. 11) and Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Dkt. No. 14) remain pending. Because the Court no longer has jurisdiction over the Petition giving rise to this habeas case, the Court cannot resolve these motions. However, it is worth noting that Petitioner's Motion for Temporary Restraining Order details a purported "pattern of retaliatory and unconstitutional conduct by staff at [FCI Edgefield]" that likely cannot be considered in conjunction with Petitioner's habeas claims. (*See generally* Dkt. No. 11.) Indeed, allegations of constitutional violations committed by federal actors are more appropriately considered in a non-habeas civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Wilborn v. Mansukhani*, 795 F. App'x 157, 162–64 (4th Cir. 2019); *Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017).

Further, the undersigned notes that a third party "loved one" of Petitioner claims that Petitioner "authorized [her] to sign and file documents on his behalf in this matter." (Dkt. No. 21.) It is unclear which, if any, filings this individual has signed and submitted on behalf of Petitioner. Nevertheless, the undersigned cautions Petitioner that federal courts cannot entertain filings from non-attorney third parties, even with Petitioner's alleged "authorization." *See Bank of Am. Inc. v. Campbell*, No. 1:12-cv-269, 2012 WL 1951820, at *2 (M.D.N.C. May 30, 2012) (noting that district courts within this Circuit "uniformly have precluded non-attorneys from litigating matters in the name of others based on claimed authority from some form of 'power-of-attorney'"); *Jones v. Midland Funding LLC*, No. 4:22-cv-3, 2022 WL 3924233, at *2–3 (E.D. Va. Aug. 29, 2022) (explaining that while a "power of attorney may confer certain decision-making rights under state law, . . . it does not allow [a plaintiff] to litigate *pro se* on behalf of [another] in federal court") (internal citations omitted)). Accordingly, unless this individual is a licensed attorney, which does not appear to be the case, she cannot litigate Petitioner's legal rights or communicate with a federal court on Petitioner's behalf. To hold otherwise would directly conflict with Rule 11 of the Federal Rules of Civil Procedure, which mandates that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007) (requiring "a pleading with the plaintiff's original signature" for civil actions filed by a *pro se* litigant).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).