# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Steven Lee Hooper, #18139-030, | Case No. 2:25-cv-03383-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Warden, FCI Edgefield, | |
| Defendant. | |

Plaintiff, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2441. On August 8, 2025, the Magistrate Judge received a Notice of Change of Address from Petitioner indicating that he was moved to the Federal Transfer Center operated by the United States Bureau of Prisons ("BOP") in Oklahoma City, Oklahoma. The Magistrate Judge reviewed the BOP's inmate locator service which showed that Petitioner is now confined at the Federal Correctional Institution in Florence, Colorado ("FCI Florence"), which falls within the territory of the District of Colorado. (Dkt. No. 28 at 2) .

The Magistrate Judge has recommended transferring this case to the United States District Court for the District of Colorado. (Dkt. No. 28). Plaintiff has failed to object.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because the parties did not file objections to the R&R, the R&R is reviewed for clear error.

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded this action should be transferred to the District of Colorado. The "proper respondent to a habeas petition is the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). This is because the writ of federal habeas corpus "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2242. "There is generally only one proper respondent to a given prisoner's habeas petition" and it is the custodian "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434-35.

Petitioner is no longer in the custody of the warden of FCI Edgefield; he is in the custody of the warden of FCI Florence. The Court may, in the interest of justice, *sua sponte* transfer a matter to the appropriate court rather than dismiss. *Feller v. Brock*, 802 F.2d 722, n.7 (4th Cir. 1986). The Court finds that transferring this matter to the district with jurisdiction is in the interest of justice so as to afford the parties an opportunity to continue to address Petitioner's request for relief on the merits.

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 28) as the order of Court. Accordingly, the Court **ORDERS** that the Clerk of the Court substitute "Warden FCI Florence" as the respondent to this case and transfer this petition to the United States District Court for the District of Colorado.

                                                                                 s/ Richard Mark Gergel
                                                                               Richard Mark Gergel
                                                                               United States District Judge

September 4, 2025
Charleston, South Carolina